JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-07399 MMM | Date | April 27, 2009 |

| | |
|---|---|
| Title | *In re Morry Waksberg, M.D.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order Dismissing Bankruptcy Appeal**

On September 22, 2008, the bankruptcy court for the Central District of California granted an application for compensation filed by Levene, Neale, Bender, Rankin & Brill LLP (BK 06-16101).[1] On October 3, 2008, *pro se* appellant Morry Waksberg filed a Notice of Appeal, on behalf of corporate debtor Morry Waksberg, M.D., Inc., with the bankruptcy court; the appeal was transferred to this court on November 7, 2008. The appeal is one of a dozen initiated by Waksberg over the past several months. The actions arise from two related bankruptcy cases, one involving Morry Waksberg as an individual debtor,[2] and the other involving Morry Waksberg, M.D., Inc., a corporate debtor.[3] This appeal involves the corporate debtor.

On February 26, 2009, the appellee filed a motion to dismiss the appeal, arguing (1) that Waksberg's appeal was untimely; (2) the corporate debtor could not appeal because it is a suspended corporation; and (3) as a non-lawyer, Waksberg cannot represent the corporation. On March 25, 2009, Waksberg filed a request to substitute attorney Mitchell Keiter into the case to represent the corporate debtor, which the court granted. On March 27, 2009, however, Waksberg (not Keiter) filed an opposition to the motion to dismiss. On April 6, 2009, the appellee filed a motion to strike Waksberg's opposition because it was not filed by an attorney.

---

[1]BK 06-16101 BP, Docket No. 345 (Sept. 22, 2008).

[2]BK 06-16096 BP.

[3]BK 06-16101 BP.

Morry Waksberg, M.D., Inc. ("Waksberg") is a suspended California corporation. Suspended corporations cannot appeal a bankruptcy court order. See, e.g., *In re Christian and Porter Aluminum Co.*, 584 F.2d 326, 331-32 (9th Cir. 1978) (holding that California tax law precludes a corporation suspended for failure to pay taxes from appealing a bankruptcy court decision). Accordingly, Waksberg cannot currently prosecute an appeal. Furthermore, the principal of a corporation cannot appear on its behalf *pro se*. Because it is not a natural person, the corporation must be represented by an attorney. See, e.g., *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel"). Although Mitchell Keiter substituted into the case on March 26, 2009, Waksberg apparently continues to represent the corporation, filing documents himself. For the reasons noted, these filings are deficient.

Rule 8006 provides, in relevant part, that "[w]ithin 10 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Noncompliance with this rule "is ground . . . for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." FED.R.BANK.PROC. 8001.

Failure to comply with bankruptcy procedural rules over the course of months is proper cause for dismissal. See *Trigny Corp. v. Groshong (In re Marsh)*, 19 Fed. Appx. 727, 729 (9th. Cir. Oct. 5, 2001) (Unpub. Disp.) (holding that a three month delay in designating the record on appeal was an "inexcusably flagrant violation of the court's rules" and warranted dismissal); *Tong v. Luo (In re Luo)*, No. 96-56125, 1997 WL 342231, *1 (9th Cir. June 19, 1997) (Unpub. Disp.) (holding that the district court properly dismissed a bankruptcy appeal *sua sponte* after the appellant "waited forty-nine days to designate the record on appeal, to file a statement of issues, and to file a notice of transcripts").

This case has been pending for **205** days. As of April 24, 2009, the bankruptcy clerk advised the court that the filings in this case remain deficient. In addition to constituting an "inexcusably flagrant violation of the court's rules," the delay prejudices the creditors who are the appellees in this action.

An appeal may be dismissed without a prior order having issued, as long as the court has considered the alternatives. *In re Fitzsimmons*, 920 F.2d 1468, 1472 (9th Cir. 1990) ("We disagree with Trabefin's assertion that dismissal can be granted only after a district court's prior order has been disobeyed. No actual disobedience of an order is necessary; it is enough if the district court considers alternative sanctions in lieu of dismissal. . . . Moreover, in egregious circumstances such as these, not even consideration of alternative sanctions is necessary before dismissal"). Waksberg's failure to comply with procedural requirements in this case is part of a pattern that spans a large number of actions presently pending before the court. During the past year, Dr. Waksberg and his corporation have continually filed new appeals and continually failed to satisfy procedural requirements. As discussed, the court has already issued an order in a related appeal, detailing the bankruptcy rules' procedural requirements. Despite this, Waksberg has not rectified the deficiencies in any of its

pending appeals.[4] Given this fact, the court concludes that issuing additional orders to show cause, and providing additional time to Waksberg to comply with procedural requirements, would only serve to cause further delay, and would be futile.

In view of the foregoing, this appeal is hereby dismissed. Appellee's motions to dismiss and to strike are denied as moot.

---

[4]On April 24, 2009, the bankruptcy clerk confirmed that all of Waksberg's twelve pending bankruptcy appeals are procedurally deficient in one or more respects.